## THOMAS A. REAGLE v. HYRUM DENNIS.

### No. 384.

1. COVENANT IN DEED — *Incumbrances — Interest Coupons.* A clause in a deed containing a covenant against all encumbrances of whatsoever nature or kind, followed by the words, "except one certain mortgage of $450 to Hunt & Evans, which the parties of the second part hereby assume and agree to pay," cannot be construed to include five coupons of $18 each matured and in default at the date of the deed, with interest accrued thereon.

2. ———— *Tax Liens — Parol Evidence Incompetent.* In an action on such covenant which in express terms covenants against liens for taxes, it is not competent to show by parol evidence that during the negotiations that resulted in this deed the grantor stated to the plaintiff that a tax lien did exist on the land, and that the plaintiff then agreed to pay the tax constituting such lien.

3. PRACTICE, COURTS OF APPEALS — *Immaterial Error.* An error of the trial court in refusing to strike out redundant matter from the petition, or admitting hearsay evidence on a trial to the court, it appearing from the record that such errors did not in any manner injure the defeated party complaining thereof, will not justify the reversal of the judgment therein.

Error from Shawnee district court; Z. T. Hazen, judge.    Opinion filed December 15, 1898.    Affirmed.

*Jetmore & Jetmore,* for plaintiff in error.

*Gunn & McNary,* for defendant in error.

The opinion of the court was delivered by

Mahan, P. J. :  This is an action by Dennis against Reagle on a covenant against encumbrances in a deed, to recover about $130 paid to discharge past-due interest on a mortgage existing on the land and assumed by Dennis, and taxes delinquent thereon.    There are allegations in the petition that there were false and fraudulent representations made by the defendant for the purpose of inducing the plaintiff to trade for the land and accept the deed containing the covenant. These representations were regarding the items constituting the alleged breach.

There was a motion by the defendant to require the plaintiff separately to state and number the causes of action contained in the petition.    This being denied, the defendant moved the court for an order striking out the allegations of fraud and deceit as redundant. This the court denied, saying that he would not consider the allegations on the trial.    The plaintiff had judgment for $137.07 and costs.    Motion for a new trial was denied, and the plaintiff in error brings the case here for review.

The first contention in the brief is that the evidence shows beyond a question that Reagle only sold to Dennis his equity of redemption in the land described in the deed.    There were two mortgages on the property, one for $450 and one for $750.    The deed contains a clause by which Dennis expressly assumes the

payment of the mortgage for $450.    At the time this deed was made there were five interest coupons on this mortgage due and unpaid.    Reagle, in taking the title from his grantor, had expressly assumed the payment of these coupons as well as the principal.

The covenant in the deed is expressly against encumbrance by way of tax liens and against any encumbrance except the $450.· The interest coupons were for eighteen dollars each.    Delinquent taxes on the land amounted to about $10.    In addition to this, there was considerable interest due on the defaulted coupons.

There was nothing said in the deed with regard to the $750 mortgage, which was held by Mrs. Evans. Before making the deed, however, Reagle made an arrangement with Mrs. Evans by which she agreed to receive $250 in full satisfaction of this mortgage — $25 in cash and the remainder in notes running through a period of about one year.    Dennis was present when this agreement was finally consummated and gave his notes for the deferred payments, and he testifies that he gave to Reagle, before going to Mrs. Evans's house for that purpose, $15 in money with which to pay Mrs. Evans the $25 cash, Reagle furnishing $10 thereof.    He testifies that he had no knowledge that there was a $750 mortgage on the property ; that he was aware that he was to pay $250 in addition to the $450 mortgage ; that the consideration for the conveyance of the property was to be $700, and that he had no knowledge regarding the unpaid coupons or the delinquent taxes.    On the other hand, Reagle testifies that he expressly told Dennis that the property would cost him about $800 ; that he told him of the unpaid coupons and the delinquent taxes, and assured him that they would not exceed $100.    The

consideration named in the deed was $1000. The case was tried to the court, and the court evidently based its findings and judgment on the deed itself, which was right, notwithstanding such immaterial evidence concerning the negotiations which resulted therein.

In the second place, the plaintiff in error contends that Dennis, the purchaser, must pay the encumbrance which he assumed, and that the assumption by its implied terms covered the past-due interest. We do not so construe it. The language of the contract of assumption does not bear this interpretation. It is contended that there was duplicity in the petition, in that more than one cause of action was stated. In this counsel are mistaken. There was but one cause of action, but one ground of recovery ; but one transaction was set forth as a cause of action. While there were allegations of fraud and deceit, doubtless for the purpose of enhancing the amount of damages, the cause of action was confined to the breach of the covenant.

The next contention is concerning the admission of incompetent evidence. The court doubtless did not take into consideration in its determination of the facts in the case any evidence not authorized. As we said before, it appears that the court confined itself to the contract contained in the deed and the undisputed facts of the payments made by the plaintiff. The finding does not justify any other conclusion. It is not to be presumed that the court would consider incompetent evidence. The judgment is abundantly supported by the evidence as well as the law. In amount it is confined to the actual payments made by the plaintiff, with interest thereon. There was but one cause of action stated in the petition. The court

Stock-yards Co. v. Hawkins.

did not consider the allegations of fraud and deceit. So that even if it were error not to strike them out as redundant, it did not result in any prejudice to the defendant.

The judgment is affirmed.